1  S. Peter Serrano
2  United States Attorney
   Eastern District of Washington
3  Laurel J. Holland
4  Assistant United States Attorney
   825 Jadwin Ave., Suite G-60
5  Richland, WA 99352
6  Telephone: (509) 713-8450

7
                   UNITED STATES DISTRICT COURT
8              FOR THE EASTERN DISTRICT OF WASHINGTON
9
   | UNITED STATES OF AMERICA, | Case No. 4:25-CR-06034-RLP |
   |---|---|
   |                Plaintiff, | STIPULATION FOR PROTECTIVE ORDER REGARDING IDENTIFICATION OF MINOR VICTIMS PURSUANT TO 18 U.S.C. § 3509 |
   | v. | |
   | JOSEPH RALLAND WHIPPLE, | |
   |                Defendant. | ***Expedited hearing requested*** |
   | | November 21, 2025, at 6:30 p.m. Without Oral Argument |

        Plaintiff United States of America, by and through S. Peter Serrano, United States Attorney for the Eastern District of Washington, and Laurel J. Holland, Assistant United States Attorney for the Eastern District of Washington, and Defendant JOSEPH RALLAND WHIPPLE, ("Defendant"), through his counsel of record, Nick Mirr, enter the following stipulation regarding the need for a Protective Order to protect identities of victims, pursuant to 18 U.S.C. § 3509(d)(3)(ii).

        A federal Grand Jury has returned an Indictment charging Defendant with a child pornography offense in violation of federal law. ECF No. 9.

        The government and Defendant stipulate that the discovery in this matter includes the bona fide identity and/or image of one or more alleged child victims.

STIPULATION REGARDING PROTECTIVE ORDER RE: 18 U.S.C. § 3509 - 1

Some of these image and video files are alleged to constitute child pornography under federal law; as such, the government anticipates making contraband material available to the defense pursuant to a separate forensic protective order, according to the standard practice in this District.

Because minor children are involved in this case, the privacy protection measures required by the Child Victims' and Child Witnesses' Rights Act (the "Act"), 18 U.S.C. § 3509, apply in this case.

The Act defines a "child" as "a person who is under the age of 18, who is or is alleged to be . . . a victim of a crime of physical abuse, sexual abuse, or exploitation . . . or a witness to a crime committed against another person."  18 U.S.C. § 3509(a)(2).  The Act defines "sexual abuse" as including "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in . . . sexually explicit conduct.  18 U.S.C. § 3509(a)(8).

The Act requires that certain measures be taken to protect the privacy of minors, including the following:

(1) Confidentiality of information –

    (A)    A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall –

        (i)    keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

        (ii)    disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

    (B)    Subparagraph (A) applies to –

  (i)  all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;

  (ii)  employees of the court;

  (iii)  the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and

  (iv)  members of the jury.

(2) Filing under seal. – All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court –

  (A)  the complete paper to be kept under seal; and

  (B)  the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

18 U.S.C. §§ 3509(d)(1) and (2).

  The Act also permits the Court to issue a protective order "protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." 18 U.S.C. § 3509(d)(3)(A). A protective order may:

  (i)  provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom; and

        (ii)    provide for any other measures that may be necessary to protect the privacy of the child.

18 U.S.C. § 3509(d)(3)(B).

The government and Defendant stipulate that it is appropriate for the Court to enter an Order requiring that alleged minor victims involved in this case be referred to only by their initials or a pseudonym such as "Minor 1" during any pre-trial, trial, and/or post-trial proceedings. The government represents that this is necessary to protect the privacy and reputation of the alleged minor victims, to minimize additional emotional trauma which likely would result from publication of their identities, and to minimize any personal embarrassment that they will experience if their identities are disclosed publicly.

This restriction serves a compelling interest in "safeguarding the psychological well-being of a minor." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 604-05 (1982). If no protective measures are taken, and the minors' identities are disclosed, they may be subject to inquiries and scrutiny from the press and members of the community. The government submits that disclosure of the minors' identities will thus likely harm their well-being.

In this case, the bona fide identities of certain minors may be already known to Defendant. The government seeks to protect their identities from the public. Accordingly, the government and Defendant seek a protective order that will permit the government to produce discovery in an unredacted form to the defense, but will proscribe the defense's ability to use or publicize the identities of any alleged victims.

The government represents that a Protective Order is necessary to protect the privacy and welfare of minor victims as set forth in 18 U.S.C. § 3509 and that public disclosure of the name or other information concerning minor children who are

STIPULATION REGARDING PROTECTIVE ORDER RE: 18 U.S.C. § 3509 - 4

alleged to have been sexually exploited by Defendant would cause a significant possibility that the disclosure would be detrimental to the well-being of the alleged victims.

The government and Defendant stipulate that it is appropriate for the Court to enter an order requiring that the defense team, defense attorneys, staff, investigators, and interns be precluded from disclosing or disseminating in any manner, the name or identity of any alleged victim and/or the nature of the allegations, except by the alleged victim's initials or pseudonym.

The government and Defendant request that the Court's order will permit Defendant himself to review the unredacted non-contraband discovery in the presence of defense counsel or a defense investigator, but will not permit Defendant to keep any discovery in his own possession outside the presence of defense counsel or a defense investigator.

The government and Defendant stipulate that defense counsel and defense investigators will not permit Defendant to keep, copy, or record the identities of any child or victim identified in discovery in this case.

The government and Defendant stipulate that the requested protective order will comply with the directives contained in the United States Code and the requirement that the highest care should be taken to protect the privacy and well-being of the alleged minor victims in this case, while at the same time affording Defendant a fair pre-trial discovery and trial process.

//
//
//
//
//
//
//
//

The government and Defendant respectfully request that the Court enter the proposed Protective Order Regarding Identification of Minor Victims Pursuant to 18 U.S.C. § 3509, filed contemporaneously herewith.

    IT IS SO STIPULATED.

Dated: November 17, 2025       S. Peter Serrano
                                      United States Attorney

                                      */s/ Laurel J. Holland*
                                      Laurel J. Holland
                                      Assistant United States Attorney

Dated: November 17, 2025      */s/ Nick Mirr (via email)*
                                      Federal Public Defender
                                      Attorney for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will provide an electronic copy to Defendant's counsel of record.

*s/ Laurel J. Holland*
Laurel J. Holland
Assistant United States Attorney
